This was an action of assumpsit brought by the appellee against the appellant, in the Circuit Court of Williamson County.
The declaration contained three counts, —
1. A count by the indorsee against the indorser of a promissory note in the common law.
2. A count stating, "that in consideration that the said Logan, at the special instance and request of the said Boyd, would receive from the said Boyd a certain writing obligatory, whereby a certain Eli Stacy bound himself to pay a certain Charles Boyles on the 24th day of December, 1809, two hundred dollars in horses at valuation, and for two hundred dollars then due and owing from the said Boyd to the said Logan, he the said Boyd undertook and faithfully promised the said Logan that Stacy was well able to pay the said sum of two hundred dollars in horses, etc." The count then went on to state that Stacy was wholly insolvent, whereby the said Boyd became liable, etc.
 3. A count for money had and received. *Page 395 
To this declaration the appellant pleaded non assumpsit.
Upon the trial in the Circuit Court a verdict and judgment was rendered for the appellee, to reverse which Boyd prosecuted this appeal.
A bill of exceptions was taken which states "that Logan, in support of the issue on his part, proved that in the year 1808 he purchased of Boyd the writing obligatory in the declaration mentioned, for which he gave Boyd a wagon and a yoke of oxen and his note for fifty dollars in cotton, payable at a future day, which was accordingly paid; that at the time of the contract Boyd, when he offered the bond on Stacy said he would not assign it; to which Logan replied that he knew Stacy, believed him' to be good, and was willing to take it without assignment. To this Boyd made no reply; he neither alleged that Stacy was good nor otherwise. After this testimony Logan, with a view of proving a deceit on the part of Boyd, introduced a witness to prove that when the bond on Stacy was sold Stacy was insolvent, and that Boyd was well apprised of his insolvency, but concealed his knowledge thereof from Logan with a view of cheating and defrauding him. To the admission of this testimony the appellant objected, upon the ground that an action of assumpsit could not be maintained upon a deceit, but the objection was overruled." And it appeared by another bill of exceptions "that Boyd moved the Court to instruct the jury that, upon the testimony contained in the first bill of exceptions, although the jury might be of opinion that Boyd knew Stacy to be insolvent, and concealed that knowledge from Logan, the count for money had and received could not be supported; but the Court refused to give such instructions."
The errors assigned called in question the correctness of these several opinions.
Whiteside and Cooke, for the appellant. The first objection to the opinion of the Circuit Court is that, in the present form of action, the appellee can not *Page 396 
recover by proving a deceit. All the counts in the declaration are in assumpsit, which can not be supported without proving a promise, either express or implied. Upon a false warranty assumpsit will lie, because there is a promise, for the violation of which the complaint is made. The suit then is brought upon an affirmance of the contract, but where there has been no promise made, and the injured party can only complain of a damage done him by a concealment of facts on the part of his adversary, the only remedy is by a disaffirmance of the bargain to recover what he has lost. This can only be done in action upon the case for a deceit. If the Court were to say that in a case like the present the appellee is at liberty to bring an action of assumpsit and get redress in that way, there is no use for the action of a deceit, and it may as well be erased from the books. Perhaps there may be some cases of fraud or deceit where the injured party can waive the tort, and bring an action for money had and received; but it can only be in cases where money has been actually received. One thing, however, is certain, that upon the first two counts the appellee has no pretext for recovering, — upon the first he can not, because the proof makes out no such case; neither can he upon the second, because it never can be tolerated that the plaintiff may declare as upon a warranty and make proof, not of a promise that the article was sound, but that the defendant fraudulently concealed his knowledge of the unsoundness. This will lead us to the next inquiry, which is, whether an action for money had and received can be supported, unless money has been in point of fact received.
Perhaps no judge ever went farther in enlarging the action for money had and received than Lord Mansfield; but it is supposed that no case can be found where even he determined that it could be maintained, unless in the case we have mentioned, or where something had been received equivalent to money, and which, from the nature of it, it *Page 397 
might be presumed the defendant had changed into money. Upon that principle he determined that an action for money had and received would not lie for South Sea stock because, as he expressly states, it is not money. 5 Bur: 2589; 2 Dal. 242. In this case no money was received, — it was property; and that, too, of a kind from which the presumption can not fairly arise that it has been changed into money.
Upon either of these grounds we conceive that the judgment of the Circuit Court ought to be reversed.
Montgomery, Trimble, and Balch, for the appellee. The action of assumpsit can be maintained in a great many cases of deceit, and even of trespass. If a sheriff, upon a fieri facias, seizes the goods of a person not the defendant, the injured party may either bring trespass against the sheriff, or an action for money had and received, to recover the amount the goods sell for. So in every case of trespass or fraud the person imposed upon may waive the tort and recover compensation in assumpsit. It does not follow, therefore, that there must originally have been an actual promise to support assumpsit. That there must be one, either expressed or implied is admitted; but the promise by implication may and does frequently arise, although there has not been any contract whatsoever. What promise is made by a sheriff or other officer to refund the amount of the sale of A's goods, which he has improperly taken upon an execution against B? None expressly, but in all cases where in equity and good conscience money ought to be paid or refunded, the law creates a promise that it will be paid. Upon this principle precisely it is that, in the case of deceit, assumpsit will lie, because, in conscience the person guilty of the fraud can not retain what he has got, and therefore the law implies a promise that he will pay it back. 2 Bur. 1010.
But it is said here that the count for money had and received can not be supported, because the *Page 398 
proof shows that the consideration received was a wagon, a yoke of oxen, and fifty dollars in cotton. The position is denied that it can only be maintained where money has been actually received. 1 Dougl. 188. It is said, however, that although there may be some cases where it will lie for property, it must be a kind of property equivalent to money, and which can, from the nature of it, be easily changed into money. If this were true, it would only follow that the case ought to be left to a jury, for them to presume, from the nature of the whole transaction, that the appellant has changed the property received into money. It was upon this idea Lord Mansfield determined the case reported by Douglass, of Beauchamp and Kenny.
Two objection have been made to a recovery: —
1. That the case made out will not enable Logan to recover on a count for money had and received.
2. If it could, Logan ought to have demanded his property, so as to have put an end to the contract.
And it is also insisted that, in all cases of cheats, an action upon the case for a deceit, and not an action of assumpsit for money had and received, is the proper remedy. The Court understands the law differently. Where one man obtains the money or property of another through fraud or mala fides, whereby the consideration fails altogether, the person defrauded can recover back his money, or the value of his property, under a count for money had and received. Without a special count in the same declaration the defendant might not know the nature of the complaint, nor how to defend himself; and, therefore, it is indisputably the duty of the Court to guard against surprise. When there is no special count the plaintiff can not recover, on an objection by the defendant that he is not informed of the nature of the demand against him, and hence *Page 399 
in England, without it, the courts require the plaintiff to give notice of the matters on which he means to rely, before the trial. In this case the special count renders such notice unnecessary.
1. It is further urged that where the consideration is property, and not money, a recovery can not be had under this count; and in support of this rule, the counsel for the appellant rely upon 5 Bur. 2589.
The case in Douglass, 132, lays down the law differently. The consideration proved was a masquerade ticket; and the Court permitted a recovery on a presumption that the ticket had been converted into money. But it is alleged that the ticket, according to the usual course of business, was easily convertible into money; we can not perceive that any difference can arise from different kinds of personal property; money is the medium of commerce in all; and there is as much ground upon principle, to presume a conversion into money in one case as another. The general count for money had and received, when united with special ones giving notice, ought to be encouraged as tending to the easy and commodious attainment of justice. Add. Rep. 22-39; 1 Dougl. 138.
2. Where fraud has been practiced in a contract, and the consideration fails, the plaintiff is riot bound to demand the property given as the consideration, for the purpose of enabling him to support an action for money had and received; nor in such cases is he bound to make a return of that which he received; because, in contemplation of law, it has no value.